## R. L. TAYS v. HOMER W. CARR.

1. DEPOSITIONS—*Exceptions, When to be Heard.* Exceptions to depositions for incompetency and irrelevancy should be heard and decided usually during the progress of the trial. The court can properly refuse to hear them before the trial commences.

2. ATTORNEY AND CLIENT—*Communication—Evidence.* A communication from a client to his attorney may be admitted in evidence, but the attorney, without his client's consent, is prevented from testifying concerning such communication.

3. SPECIAL INSTRUCTIONS — *Oral Instruction Refused.* When a party to an action desires special instructions to be given to the jury, such instructions should be reduced to writing and delivered to the court It is no error to refuse to give an instruction orally requested of the court.

*Error from Marshall District Court.*

ACTION by *Carr* against *Tays* and two others, to recover upon a promissory note. Trial at the August Term, 1885, and verdict for plaintiff. New trial denied, and judgment rendered for plaintiff for $425 and costs. To reverse this judgment, defendant brings the case here. The facts appear in the opinion.

*Glass & Polack*, for plaintiff in error.
*A. E. Park*, for defendant in error.

Opinion by HOLT, C.: This action was tried by a jury, at the August term, 1885, of the district court. Plaintiff in error was defendant below, and defendant in error was plaintiff below. The action was brought upon a note signed by defendant and two others, for $300, given in Missouri in 1881, and due in one year after date. There is a conflict of testimony as to whether Tays, the defendant, was one of the principals, or surety on the note. The defendant, before the cause was called for trial, made a motion in writing to strike out certain parts of the depositions of sundry witnesses, because such parts were incompetent and irrelevant. The motion did

not contain the testimony claimed to be incompetent and irrelevant, but designated it by stating in each instance at what line and page of the depositions such testimony began, and at what line and page it ended. Of the depositions complained of, the record shows that the plaintiff read from them, how much or how little, or what part, we are left to conjecture. It does not state that all or any of them were introduced in evidence except the deposition of Homer W. Carr, which was all read to the jury. The depositions are not preserved in the record, and there is no proof that the parts of the depositions complained of were, as a matter of fact, admitted in evidence, Carr's only excepted. In his deposition was a letter of defendant to J. R. Good, Esq., who, the defendant claims, was his attorney at the time the letter was written. Objection was made to its introduction, and an offer to prove that the relation of attorney and client existed as claimed. The court declined to hear evidence on that point, and allowed the letter to be read. This was no error. An attorney is incompetent to testify concerning any communication made to him by his client, without the client's consent. It is not the communication itself from an attorney to his client, that is incompetent; but the attorney is prevented from testifying concerning it. ( *The State v. Buffington*, 20 Kas. 599. See also *The State v. White*, 19 Kas. 445; *Wilkins v. Moore*, 20 id. 538.)

Plaintiff in error complains because the district court refused to hear the motion at that time, *i. e.*, before the beginning of the trial, and says that such refusal of itself is error. This objection may be answered by simply stating that no material error has been preserved in the record in this case. Further, we are inclined to believe that the time of deciding whether certain testimony in a deposition is competent or relevant, may be either before the trial of the case, or very properly after the trial has commenced, and during its progress. The defendant, however, cites us to § 365 of the civil code, viz.:

"The court shall, on motion of either party, hear and decide the questions arising on exceptions to depositions, before the commencement of the trial."

He claims that this section is mandatory and leaves no discretion in the court, but it must hear and decide all such exceptions before the commencement of the trial. If that section stood alone, his claim might be correct, but §364 reads as follows: "No exception other than for incompetency or irrelevancy shall be regarded, unless made and filed before the commencement of the trial." If we give §365 the force defendant claims for it, §364 would be left without any meaning; or, by a strained construction, it might be held to mean that any exception to incompetency and irrelevancy, if filed before the commencement of the trial, must be heard and decided only at that time, but any exceptions upon those two grounds made after the trial began could be heard during its progress. Such a construction would be a forced one, and without any sound reason for the distinction sought to be made, and would not be a liberal construction of the two sections referred to. By a natural rendering we can give both sections a reasonable and definite meaning, each in harmony with the other. When that can be done, it is the duty of the court to so construe them. Section 365 would then be held to mean that all exceptions, save those for incompetency and irrelevancy, must be heard and decided before the commencement of the trial; and it may fairly be inferred by §364, that the proper time to take exceptions to the incompetency and irrelevancy of evidence in depositions, would be during the progress of the trial. (*Johnson v. Mathews*, 5 Kas. 118.) It would follow, of course, that at that time they must be heard and determined. If such is the proper construction — and it seems a natural one — it would be unreasonable to say, because such exceptions happened to be made before the trial began they must be decided then, and not at the time when the law contemplates they should be. But §364 is not in this matter mandatory; we believe that the time when the question of competency and relevancy is to be settled rests usually in the discretion of the trial court. It is a practice prevailing in some of the district courts of the state, and one to be commended, to decide the competency and relevancy of the testi-

mony offered in depositions during the progress of the trial; but when a deposition is claimed to be incompetent and irrelevant in its general scope and effect, then the objections raised may perhaps be settled before the beginning of the trial. When only a portion is objected to, the question can ordinarily be best determined during the progress of the trial and after a part of the other evidence in the case has been introduced.

Another objection urged by the plaintiff in error is to the general instructions of the court. The only exception thereto is as follows: "To the giving of the general instructions as shown above, by the court to the jury, the defendant Tays objected and duly excepted." By such an objection the attention of the court was not directed to any particular portion of the charge of the court as objectionable; and in this case, where it is of considerable length, the objection is insufficient and too indefinite to be considered, unless in its general scope the charge is erroneous. (*Wheeler v. Joy*, 15 Kas. 389; *Hentig v. Kansas L. & T. Co.*, 28 id. 617.) We have examined the instructions given by the court, and believe they fairly state the law applicable to the case, and we have been unable to detect that any portion of the same is erroneous.

After the general instructions had been given, the defendant orally requested the court to instruct the jury as follows:

" If you find from the evidence that defendant R. L. Tays was surety on the note sued upon in this action, and that the time of payment was extended for a definite period of time for a valuable consideration, without the consent of said R. L. Tays, then they must find for the defendant."

The instruction asked is correct as an abstract principle of law, but our statute (Civil Code, § 275) provides that if either party desire special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party asking them, and delivered to the court. This is the plain provision of the statute, and must govern in this case. In this instance the instruction was not applicable to the evidence introduced in this action.

There was some testimony showing that Tays was surety

on the note; also that the time of its payment had been extended, but there .was not a scintilla of evidence showing that there was any valuable consideration given for such extension. On the other hand, it does appear that not all of the interest then due on the note was paid, and so far as the consent of Tays was concerned, the talk of extension was made at the store where he was at work, and discussed before him, and although he did not formally agree to its extension, he made no objection to it.

The plaintiff in error complains of other alleged errors. We think it is unnecessary to specially mention them. We find no material error in the record.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.