## YANTIS et al. v. TATE.

No. 11875—Opinion Filed Sept. 18, 1923.

**1. Appeal and Error—Discretionary Rulings —New Trial—Newly Discovered Impeaching Evidence.**

Motions for a new trial because of newly discovered impeaching evidence address themselves largely to the sound discretion of the trial court, and unless such discretion has been abused the action of the court in overruling said motion will not be disturbed.

**2. Same.**

Where there is evidence in the record strongly tending to support the verdict and judgment without considering the evidence which it is claimed could be impeached upon another trial, it cannot be said that the trial court abused its discretion in overruling the motion.

**3. Same—Merely Cumulative Evidence.**

A motion for a new trial because of evidence cumulative in its nature, and which could not be produced on the former trial, addresses itself largely to the sound discretion of the trial court, and unless such discretion has been abused the action of the court in overruling the motion will not be disturbed.

**4. Same—Lack of Diligence.**

Where it appears that such evidence was known before the trial, and no effort was made to procure it, and no application was made for a continuance because of the absence of such evidence, it cannot be said that the trial court abused its discretion in denying the motion.

**5. Appeal and Error—Questions of Fact— Verdict.**

Where there is evidence in the record tending to support the verdict of the jury and the judgment rendered thereon, such verdict and judgment will not be disturbed on appeal.

**6. Same—Affirmance.**

Record in this case examined, and held, that there is evidence in the record tending to support the verdict and judgment,

and, held, that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County; Arthur R. Swank, Judge.

Action by Wm. Yantis and M. B. Furrow against James Tate to recover damages for loss sustained by reason of a fire alleged to have been caused by defendant. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

W. H. Wilcox, for plaintiffs in error.

J. M. Grubbs, for defendant in error.

Opinion by SHACKELFORD, C. This action was begun in the district court of Payne county, Okla., by the plaintiffs in error against the defendant in error on the 7th day of April, 1919, to recover damages because of the destruction of certain property alleged to have been burned by fire charged to have been set out by the defendant, James Tate. The cause was tried to a jury at the May, 1920, term of the district court of Payne county. The jury returned a verdict for defendant, upon which, in due course, judgment was entered.

In apt time the plaintiffs filed their formal motion for a new trial, and a few days later filed their motion for a new trial on the ground of newly discovered evidence. The motions for a new trial were heard and overruled.

Two propositions are presented in the argument of plaintiffs in their brief:

"(1) That the court erred in refusing to sustain the motion for a new trial because of newly discovered evidence.

"(2) The verdict of the jury was contrary to the evidence."

The newly discovered evidence set out by way of affidavit attached to the motion for a new trial, was in part accumulative and in part would have the effect of impeaching certain witnesses offered on the part of the defendant, and by whom he offered proof tending to show that he was not at a place where he could have started the fire at the time it was shown to have been started.

Motions for a new trial because of newly discovered evidence address themselves very largely to the sound discretion of the trial court; and unless the court abuses its discretion the action of the trial court in overruling the motion will not be disturbed. Jones v. Oklahoma Planing Mill & Mfg. Co.,

46 Okla. 477, 147 Pac. 999; Eskridge v. Taylor, 75 Okla. 139, 182 Pac. 516; Wagoner v. Caskey, 85 Okla. 168, 205 Pac. 137.

The newly discovered evidence would tend to impeach the testimony of two or three of defendants witnesses, but aside from these witnesses there is the testimony of several others, unimpeached, which tends strongly to support the defendant's defense.

The plaintiffs insist that the testimony of one Sam Richter, who at the time of the trial was out of the state, is very important for them in making out their case, and the court should have sustained the motion for a new trial because this witness can be had in another trial. It is not insisted that his testimony is newly discovered, but that witness could not be had because at the time of the trial he was out of the state. It does not appear that plaintiffs asked to have the cause continued because of the absence of Sam Richter. They went to trial without any effort to get his testimony by deposition or otherwise, or to have the cause continued because of his absence. His testimony, if present, would have been the same as his brother, Van Richter, who did testify.

We think it cannot be said that the trial court abused its discretion in overruling the motion for a new trial because of the alleged newly discovered evidence.

We have carefully examined the evidence offered on the part of dfendant, aside from the evidence of the witnesses whom plaintiffs insist they could impeach at another trial, and there is ample evidence in the record tending to support the verdict of the jury.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.