### DAVIS v. FIRST NAT. BANK OF BUTLER.

No. 14664—Opinion Filed Sept. 16, 1924.

**1. New Trial—Newly Discovered Evidence—Sufficiency of Showing.**

If a motion for new trial, based on newly discovered evidence, filed in compliance with the statutes, is supported by exhibits which reasonably tend to bear out the allegations of the motion, and the new matters constitute a complete defense in law, the motion for new trial ought to be sustained, if it further appears that the defendant has been diligent in the investigation of matters pertaining to the action or his defense.

**2. Same.**

Whether a new trial should be granted on the ground of newly discovered evidence is determined principally by the consideration of the particular case, rather than by some general rule of law. Meeting the ends of substantial justice between and among the parties in the particular case, should largely control the action of the court in passing on the motion.

**3. Guaranty—Collateral Agreement—Independent Consideration.**

A contract of guaranty or collateral agreement in relation to a contract of indebtedness executed after the original contract has

been fully executed and delivered, is a new and independent contract and must be supported by a new and independent consideration in order to be valid.

## 4. New Trial—Newly Discovered Evidence —Erroneous Denial.

Record examined; held, that the motion for new trial shows newly discovered evidence which, if true, would constitute a complete defense in law, and that it appears that failure to discover the evidence prior to the trial was not due to want of care on the part of the defendant; and, further, held, it was error to overrule the motion for new trial in this particular case.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by First National Bank of Butler against J. C. Davis on promissory note. Judgment for plaintiff. Defendant files motion for new trial, based on newly discovered evidence. Motion overruled. Defendant brings error. Reversed and remanded.

Homer N. Boardman, for plaintiff in error.

Hainey & Flynn and Calvin Jones, for defendant in error.

Opinion by STEPHENSON, C. About August 1, 1915, the North Pool Oil Company was indebted to the Butler State Bank in the sum of about $1,700, and the Channel Oil Company was indebted to the same bank in about the sum of $500. The oil companies were also indebted to various other parties at the same time. On August 25, 1915, the North Pool Oil Company and the Channel Oil Company by separate written agreements entered into a contract with certain parties therein named for the benefit of the bank and other creditors, provided the contracts were accepted by the creditors. Geo. J. Ames was president of the Butler State Bank and the North Pool Oil Company. The contracts were approved and accepted by the Butler State Bank through its president, Geo. J. Ames, as of the date of their execution. Among the several provisions of the written contracts were the following:

(1) That the creditors should make out their claims for indebtedness against the oil companies, and submit the same to the second parties for examination and approval.

(2) The oil companies should borrow the sum of $20,000 which was to be deposited to the credit of the second parties as trustees in the First State Bank of Oklahoma City.

(3) The trustees were to examine and approve such claims as were regular and pro-rate the said $20,000 among the creditors in payment of the indebtedness.

(4) It was further provided that the $20,000 together with the sum of $7,000 previously borrowed by the companies, making a total of $27,000 should be paid by the first production of oil and gas from the property of the company.

(5) Thereafter one-half of the gross production from said oil production was to be placed in the First State Bank of Oklahoma City, which was to be paid to the creditors of the oil companies as the money was so accumulated. The two contracts contained the following provisions:

"It is further provided that each creditor by accepting under this agreement and becoming a party thereto, shall waive any lien, mortgage, assignment or other security which he may have against the first party to secure his claim and shall release the same of record, if such action should be necessary to clear the title of the first party's lease of any such mortgage or other lien and shall waive all right to proceed against the first party, by suit or otherwise, to enforce the collection of such claim, or any part thereof, except through and by virtue of the terms of this agreement."

The $20,000 was disbursed according to the agreement and various sums of money from the oil production was disbursed through the dispository on this indebtedness, commencing at a time prior to and continuing after the rendition of judgment in this cause. The original indebtedness owing to the bank by the oil companies was reduced by payment in the manner above set forth from time to time, until the total sum had been reduced to $891.31, on September 24, 1919. On the latter date Mr. Ames advised the defendant that on account of his acting as president for the bank and being president also of the North Pool Oil Company, it was more desirable on the part of the bank that the indebtedness be carried in some other form than by instrument evidencing the oil companies as the debtors, and for this reason he desired and requested the defendant to execute the note to the bank for the oil companies, in the said sum of $891.31. No detriment was suffered by the bank, nor any benefit received by the oil companies in the execution of the note J. C. Davis, the defendant, received no benefit or consideration from any one for the execution of the note. Thereafter the note

was sold and assigned to the plaintiff in this case. Thereafter, an officer of the plaintiff bank made a request for and received copies of the agreements made by the oil companies. After the plaintiff became the owner of the note sued on herein, it received various dividend payments through the depository bank, pursuant to the written agreement. These payments were received by the plaintiff bank prior to and for some time after the rendition of judgment in this cause. The plaintiff commenced its action against the defendant for the principal of the note and interest, except two small credits allowed on the note prior to filing the action. On the opening statement of counsel for the plaintiff and defendant, and upon motion of attorneys for plaintiff, judgment was rendered on the statements in favor of the plaintiff and against the defendant. Judgment was rendered in this cause on the 17th day of January, 1921, and motion for new trial was filed therein three days thereafter. Subsequently, and in the latter days of March following, the defendant filed a supplemental motion for new trial, based on newly discovered evidence. The motion for new trial contained the statement of facts heretofore set forth. The plaintiff did not join issue on the allegations of fact as contained in the motion and exhibits. The court overruled the motion and the defendant has appealed the cause to this court, and seeks reversal based on the overruling of the motion. The motion for new trial alleges that the matters therein contained were not within the knowledge of the defendant when the cause came on for trial, and that he did not discover the true facts until just prior to the time of filing the supplementary motion. Copies of the two contracts were attached to the motion, and other allegations made which reasonably tend to support the claim of the defendant. The portion of the contract heretofore quoted, if it were given effect according to the plain language as used therein, evidences an agreement upon the part of the assignor of the note, and other creditors to release all claims against the property of the oil companies, and against the oil companies, and look to the money to be borrowed, and the returns from the oil properties to pay the indebtedness. The creditors further agreed they would pursue no legal means to collect the indebtedness and would confine themselves in the collection of the indebtedness to the money borrowed, and the returns from the oil property. It would appear from the written agreement that if the money borrowed and the returns from the oil properties failed to satisfy the indebtedness, this condition should operate to cancel all-indebtedness against the oil companies claimed by the creditors. The contract sets forth a condition that would indicate that the oil companies had met with embarrassment in their financial affairs at the time of entering into the agreement, and if so, it would be sufficient consideration to enter into an agreement as we have interpreted it to be. However, it is not necessary to reach this conclusion so far as the merits in this action are concerned. It is sufficient to say, by the undisputed allegations in the supplementary motion for new trial and exhibits thereto attached, that no detriment was suffered by the bank in the execution and delivery of the note sued on herein, or any benefit received by the oil companies. The defendant did not receive any consideration or benefit for the execution of the agreement. It appears that the indebtedness evidenced by the note was created by the oil companies some four years prior to the execution of the note, and was being paid by the oil companies at that time in accordance with the written agreement, after judgment was entered in this cause. In view of the facts we have recited herein, the inducing cause for the defendant to sign the note is wholly immaterial. The outstanding facts are that the note constituted a new contract and was without any legal consideration and therefore not binding upon the defendant. After the execution and delivery of an original agreement, a contract of guaranty or a written contract in relation to such indebtedness is a new and independent contract, and requires a new and independent consideration to render the same valid and binding. Bank of Carrolton v. Latting, 37 Okla. 8, 130 Pac. 144; Reeves v. Dyer, 52 Okla. 750, 155 Pac. 850; Terry v. Gravitt, 56 Okla. 769, 156 Pac. 633; Clements v. Jackson Oil & Gas Co., 61 Okla. 247, 161 Pac. 216. It is apparent that the supplemental motion for new trial, with copies of written instruments thereto attached, constituted a good defense at law against plaintiff's action. The further allegation that plaintiff was informed of the contracts and advised of their nature and conditions, and with this information, received and accepted payments on the indebtedness pursuant to the agreement, operated as an adoption of the provisions and terms of the contracts by the plaintiff. If the plaintiff received such payments pursuant to the terms and conditions of the contract, with full knowledge of the nature of the payments, it would operate to defeat plaintiff's right of recovery, even though it took the note without notice of the agreement. A person cannot take the

benefits of a contract and at the same time escape its burdens. The supplementary motion for new trial alleges that the plaintiff received the note with notice of the contracts. The matter of overruling or sustaining a motion for a new trial, based upon newly discovered evidence, is a question resting in the sound discretion of the trial court. A new trial should not be granted on the ground of newly discovered evidence unless it. appears that the evidence is material to the defense of the defendant and not cumulative, and that failure to present the evidence at the trial of the cause was not the fault of the defendant or his attorneys. Whether a new trial should be granted on this ground is determined by the circumstances of the particular cause rather than by some general rule of law. If the allegations contained in defendant's motion for new trial are true (and issue was not joined thereon by the plaintiff at the time of the hearing), substantial justice would be defeated in this cause by refusing to sustain the motion. This court cannot, in good conscience, deny a motion for new trial based on newly discovered evidence which shows that at the time the plaintiff received its judgment on the note it was receiving payments under a contract of settlement, and continued to receive such payments after the rendition of the judgment, for which the defendant does not receive credit. In any event after such payments have been made to the plaintiff under the agreement, the defendant should receive credit. But this statement presupposes that the plaintiff was entitled to judgment on the note in the first instance. The trial on an action of this nature should not consume very much time, and occasion but little extra expense, and on the showing made by the defendant in his motion for new trial, the court should have sustained it, in order that the merits of defendant's contention might have been examined. McKone v. McKonkey, 90 Okla. 291, 217 Pac. 383; McGhee v. Hurst, 91 Okla. 258, 217 Pac. 368; Yantis v. Tate, 92 Okla. 209, 218 Pac. 810.

It is recommended that the judgment on the motion for new trial be reversed and remanded with directions that the motion be sustained, and the defendant allowed to file amended answer.

By the Court: It is so ordered.