## MULLER v. ELLIOTT.

No. 13771—Opinion Filed Oct. 14, 1924.

**1. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

Where the question of fact is submitted to the jury under proper instructions and the jury finds on the facts, especially where there is a conflict in the evidence, the verdict of the jury will not be disturbed on appeal.

**2. New Trial—Newly Discovered Evidence Merely Cumulative.**

The law authorizing the granting of new trials upon the ground of newly discovered evidence does not contemplate that such new trials shall be granted where the newly discovered evidence is merely cumulative.

**3. Same—"Cumulative Evidence."**

"Cumulative Evidence ," in the law governing the granting of new trials, is additional evidence of the same kind and to the same point as that given on the first trial, but it is not cumulative if it relates to distinct and independent facts of a different character, though tending to establish the same ground of claim or defense.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garfield County; J. B. Cullison, Judge.

Action by Nettie J. Elliott against P. H. Muller for damages caused by running an automobile against her on the streets of Enid. Judgment for plaintiff, and defendant appeals. Affirmed.

McKeever, Moore & Elam, for plaintiff in error.

Winfield Scott and Simons, McKnight & Simons, for defendant in error.

Opinion by MAXEY, C. The parties will be referred to as plaintiff and defendant as they stood in the court below. The plaintiff, Nettie J. Elliott, sued the defendant for an injury alleged to have been suffered by reason of the defendant striking her with an automobile while she was crossing the street in Enid, Okla., on the evening of December 19, 1920. It appears from the facts that on said evening the plaintiff started to cross the street and a car, which she alleges was driven by the defendant (but which the defendant denies and in which he claims he was riding in the back seat) drove into plaintiff from which she sustained an injury. Suit was brought to recover for the injury and the jury returned a verdict for the plaintiff in the sum of $1,000. A motion for a new trial was filed and overruled, and thereafter at the same term of court, the defendant filed a supplemental motion for a new trial on the ground of newly discovered evidence. This motion was overruled, and the defendant saved its exceptions and appealed. There is only one question insisted on for a reversal of this case by counsel for plaintiff in error, and it is stated in his brief as follows:

"The only question in the case so far as the facts are concerned is whether or not the defendant was driving the car, or whether some other person was driving it."

On this point, Mrs. Elliott, the plaintiff, and Mrs. Clutter testified that at the time of the accident, Muller got out of the car and assisted Mrs. Elliott in arising and leading her to the running board of the car, and that he stated to her at the time that he was driving the car, and that the car belonged to him, and that his brakes were in fine condition. Dillingham, another witness, testified that the day after the accident Muller told him that he was driving the car, and

that it was his car. Muller on the other hand testified that he was riding in the back seat, and that the man who owned the car was driving it, and that he did not own the car and was not driving it at the time of the accident. He was corroborated in his statement by Powell, the other occupant of the car, besides the owner, then a man by the name of Smith, who claimed that he stopped and shook hands with Muller after he got into the car, and that he was sitting in the back seat. It thus appears that there was a sharp conflict in the testimony, and the rule in this jurisdiction is too well settled to require the citation of authorities, that where a question of fact is submitted to the jury under proper instructions, their verdict will not be disturbed on appeal, if there is any evidence to support it. It will be seen from the above quotation that there were three witnesses on each side that testified as to who was driving the car and whose car it was, so that we cannot say that there was no testimony to support the verdict of the jury, and counsel for plaintiff in error in his brief says:

"The jury returned a verdict against the defendant, and the only contention we desire to urge in this case, since the jury were the judges of the facts, is that the defendant was entitled to a new trial under the showing made; that the court abused its discretion in not granting a new trial."

The abuse of discretion complained of is in denying the supplemental motion for a new trial on the ground of newly discovered evidence. This evidence consisted of an affidavit of F. E. Kennedy, who testified that the car that injured Mrs. Elliott was his car and that he was driving it, and had taken Muller, the defendant, and a fellow by the name of Powell in the car to take them to their home, and that Muller was sitting in the back seat. The rule is too well established in this and other jurisdictions, that where motions for new trial on the ground of newly discovered evidence are filed, the court has a wide discretion, and that where the newly discovered evidence was impeaching evidence, or was evidence that was merely cumulative, it cannot be said that the trial court abused its discretion in overruling the motion for a new trial. Johnston v. Shaffer, 96 Okla. 236, 221 Pac. 748; Yantis v. Tate, 92 Okla. 209, 218 Pac. 810.

In the case of Vickers v. Carey Company, 49 Okla. 231, 151 Pac. 1023, the court in the second and third paragraphs of the syllabus says:

"The law authorizing the granting of new trials upon the ground of newly discovered evidence, does not contemplate that such new trials shall be granted where the newly discovered evidence is merely cumulative.

" 'Cumulative evidence' in the law governing the granting of new trials, is additional evidence of the same kind and to the same point as that given on the first trial, but it is not cumulative if it relates to distinct and independent facts of a different character, though tending to establish the same ground of claim or defense."

Applying the rule laid down in the foregoing cases, we cannot say that the court abused its discretion in overruling the supplementary motion for a new trial, and the jury having weighed the evidence and there being evidence reasonably tending to support the verdict, the same will not be disturbed on appeal. We, therefore, are of the opinion that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.