**WOLFE et al. v. STEVENSON et al.**

No. 17920.    Opinion Filed Jan. 17, 1928.

Rehearing Denied Feb. 14, 1928.

(Syllabus.)

1. **Usury—Action on Note for $300 or Less —Dismissal Where Usury Shown.**

When, upon the trial of any suit brought upon any note or other evidence of indebtedness of $300 or less, it shall be shown by the evidence that the contract sued upon is usurious and made in violation of the interest laws of this state, said suit shall be dismissed. (Sec. 5101, C. O. S. 1921.)

2. **Trial—Refusal of Instruction Orally Requested.**

It is not error to refuse to give an instruction orally requested of the court.

3. **Vendor and Purchaser—Foreclosure of Vendor's Lien—Attorney's Fee to Be Fixed by Court.**

In a proceeding to foreclose a vendor's lien,

the party for whom judgment is rendered is entitled to recover a reasonable attorney's fee, to be fixed by the court, and it is not error for the court to refuse to submit the question of the amount of said fee to a jury.

### 4. Appeal and Error—Waiver of Error by Failure to Object Below—Prematurity of Action.

The objection that an action has been brought prematurely is waived by failure to object in the trial court.

### 5. Judgment Sustained.

Record examined: held, that there is competent evidence reasonably tending to support the verdict of the jury; that the instructions fairly state the law upon the issues raised, and that the judgment herein should be affirmed.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Charlie Stevenson and Estella Stevenson against Amos Wolfe and H. H. Croskill. Judgment for plaintiffs, and defendants appeal. Affirmed.

R. A. Howard and Brown, Brown & Williams, for plaintiffs in error.

Sigler & Jackson, for defendants in error.

MASON, V. C. J. The defendants in error, plaintiffs below, commenced this action against the plaintiffs in error, defendants below, to recover the principal sum of $1,400, which they claimed the defendants had assumed and agreed to pay as part of the consideration for certain lands conveyed by the plaintiffs to the defendants. Plaintiffs also prayed for $91 accrued interest on said indebtedness, for foreclosure of their vendor's lien, and for $250 attorney's fee.

The defendant Croskill answered by general denial. The defendant Wolfe admitted the transaction as pleaded by the plaintiffs, but alleged that subsequent to said transaction he and the plaintiff Charlie Stevenson had a settlement involving mutual accounts and they agreed that the amount remaining due from the defendant to the plaintiff was the sum of $800 instead of the $1,400 which the defendant had assumed.

Defendants further alleged that subsequent to said transaction, the plaintiff Charlie Stevenson executed and delivered his promissory note to the defendant Croskill for the sum of $200, bearing interest at 10 per cent., and that the defendant Wolfe was then the owner of said note by assignment and was entitled to a credit on said $800 for the amount due under said note. Defendants tendered the balance due.

Upon trial of the cause, the defendants, after the plaintiffs had made their case, offered the above note in evidence, to which the plaintiffs objected upon the grounds that the same was incompetent, irrelevant, and immaterial, and for the further reason that the tax had not been paid on said note, as required by the laws of this state. Said objection was overruled and the note was admitted in evidence.

Thereafter, the defendant Croskill testified that the plaintiff never was paid but $175 on said note, whereupon the court sustained plaintiffs' motion to strike said note from the consideration of the jury for the reason that it was executed in violation of the state usury laws.

During the course of the trial, the defendants were permitted to file a trial amendment to their answer and offer evidence in support thereof to the effect that after the parties had entered into the agreement as above set forth, which fixed the defendants' liability at $800, the plaintiffs became indebted to the defendants for several other items. After deducting the amount of these items, the defendants then tendered the balance of the $800 into court. The jury found against the contentions of the defendant relative to the supplemental agreement and the additional items and returned its verdict in favor of the plaintiffs for $1,491. Thereafter, the court, in the absence of the jury, ordered the vendor's lien of the plaintiffs foreclosed, and after hearing evidence fixed the attorney's fee in the sum of $140, for which judgment was rendered. The defendants have duly perfected their appeal to this court.

It is first urged that the trial court erred in excluding said note from evidence and consideration of the jury.

Section 5101, C. O. S. 1921, provides that if it shall be shown by the evidence, upon the trial of any suit brought upon any note or other evidence of indebtedness of $300 or less, that the contract sued upon is usurious and made in violation of the interest laws of the state, said suit shall be dismissed.

The evidence in this case disclosed that the plaintiff secured only $175, but said note provided for the payment of the principal sum of $200 with interest at 10 per cent. It is, therefore, clear that said note was usurious, and the action of the trial court in striking it from the consideration of the jury was not error.

It is next urged that the court erred in

refusing to give an instruction requested by the defendant Croskill. It appears that when the evidence was concluded counsel made an oral request for the court to instruct the jury that they could find for the plaintiffs and at the same time find for the defendant Croskill. Under the provisions of section 541, C. O. S. 1921, before a party can avail himself of any omission by the court to instruct the jury upon a given point, which is not covered by the general instructions of the court, such party must, at the conclusion of the evidence, deliver to the court special instructions and such instructions must be reduced to writing, numbered, and signed by the party or his attorney.

In Chicago Live Stock Commission Co. v. Fix, 15 Okla. 37, 78 Pac. 316, this court quoted with approval from Tays v. Carr (Kan.) 14 Pac. 456, as follows:

"When a party to an action desires special instructions to be given to the jury, such instructions shall be reduced to writing and delivered to the court. It is no error to refuse to give an instruction orally requested of the court."

Counsel next contend that the court erred in hearing testimony with reference to tne attorney's fee and urge that this was a matter that should have been submitted to the jury with the other questions of fact.

Under section 7427, C. O. S. 1921, one who sells real property has a special or vendor's lien thereon, independent of possession, for so much of the price as remains unpaid or unsecured, otherwise than by the personal obligation of the buyer.

The sole question which the jury was called upon to ascertain was the amount of the purchase price, if any, which remained unpaid. After the jury returned its verdict, the court continued the cause for further hearing upon that part of the petition which prayed for foreclosure of the vendor's lien and for attorney's fee. Later, this matter was taken up by the court without a jury and, without objection on the part of the defendants, evidence was taken as to what would be a reasonable attorney's fee. Thereupon, the court ordered the vendor's lien of the plaintiffs foreclosed and allowed an attorney's fee of $140.

There are various kinds of actions in which the statutes provide that the successful party may recover a reasonable attorney's fee, and it may be that in those cases the question would be one for the jury, but the foreclosure of a lien is a matter for the court and the fixing of an attorney's fee is an incident to such foreclosure proceedings. Especially is this true in view of section 7482, C. O. S. 1921, which provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

In addition to this, we would probably be justified in holding that the defendants waived the assignment of error by failure to object in the trial court.

The fourth assignment is that the court erred in entering judgment in this case for the reason that the suit was prematurely brought in this, that the $1,400 mortgage held by H. S. Davis and which defendants agreed to pay was not due and had never been foreclosed. There is, however, not the slightest suggestion in the record that this question was raised or even alluded to in the trial court. If the defendants considered the petition insufficient or the action premature, they should have presented this question by proper pleadings in the trial court. In going to trial upon pleadings which do not raise this question, the defendants must be deemed to have waived this question, as the objection that an action has been brought prematurely is waived by failure to object at the proper time. Ferguson v. Carr (Ark.) 107 S. W. 1177; Johnson v. Meyer (Ark.) 16 S. W. 123; Hickey v. Thompson (Ark.) 12 S. W. 475.

This assignment of error is without merit on other grounds. The uncontradicted evidence discloses that the defendants had stated that they did not intend to pay said indebtedness. The record also discloses that they refused to pay the interest thereon when it became due until after suit was filed, and that other interest was past due at the time this action was commenced.

In 13 Corpus Juris, 651, the general rule is stated as follows:

"Where a party bound by an executory contract repudiates his obligation before the time for performance, the promisee has, according to the great weight of authority, an option to treat the contract as ended so far as further performance is concerned, and to maintain an action at once for the damages occasioned by such anticipatory breach."

The last contention of counsel is that the court erred in instructing the jury that the defendant Croskill claimed a set-off of $50 which was undenied and that they should credit any judgment in favor of the plain-

tiffs with the $50 item. This instruction was not detrimental to the defendants, and, therefore, if error at all, it was harmless.

There was a sharp conflict in the evidence in support of the issues submitted to the jury, but the verdict of the jury is supported by competent evidence, and, therefore, under the well-established rule of this court, the same will not be disturbed on appeal.

Judgment of the trial court is affirmed, and judgment on the supersedeas bond is rendered in favor of the defendants in error, per journal entry to be filed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 39 Cyc. p. 988. (2) 38 Cyc. p. 1702. (3) 39 Cyc. p. 1885. (4) 3 C. J. p. 705, §598. (5) 4 C. J. p. 853, §2834.