## CARTER v. BOND & BOND.

No. 25652.   Oct. 1, 1935.

Wilkinson & Wilkinson, for plaintiff in error.

Paul D. Sullivan and Brown & Cund, for defendants in error.

PER CURIAM. This action originated in the district court of Stephens county. Bond & Bond, a copartnership composed of E. H. Bond, Gilbert H. Bond, and Edward L. Bond, attorneys at law, were plaintiffs and George W. Carter was defendant.

Plaintiffs sued for $290 for the reasonable value of legal services. The undisputed evidence shows that plaintiffs had represented Mr. Carter as his attorney for a number of years prior to 1929; that at that time Mr. Carter was sued by his former ward, one Willie Wilson, in the district court of Stephens county, in two actions, one seeking a money judgment against him and the other to set aside certain conveyances. Plaintiffs were employed by Mr. Carter to represent him in these actions. Judgments in both cases were against Mr. Carter and appeals were taken to the Supreme Court. It is at this point that the conflict in the evidence arises. It is the contention of the plaintiffs and their evidence was that, on or about August 2, 1932, while these cases were pending on appeal in this court, the relation of attorney and client theretofore existing between the plaintiffs and defendant was by mutual agreement dissolved, as evidenced by an instrument in writing referred to as plaintiffs' exhibit 1, which is as follows:

"Duncan, Oklahoma, August 2, 1932.

"It is agreed that G. W. Carter employed Bond & Bond, attorneys, to represent him in the district court of Stephens county, Okla., only, in the two cases of Willie Wilson against G. W. Carter, and not on appeal except that Bond & Bond filed the records and petitions in error for Carter in the Supreme Court and Carter has paid Bond & Bond in full for such services according to agreement; the said G. W. Carter also employed Bond & Bond to write the briefs in said cases in the Supreme Court and has paid them their additional charges for writing said briefs. Carter has notified Bond & Bond that, for reasons given, he will not

require any further service of them in said cases.

"Bond & Bond
"By E. H. Bond,
"G. W. Carter."

That thereafter, and on or about November 1, 1932, this court affirmed the judgments in both cases; that Mr. E. H. Bond, one of the plaintiffs, called Mr. Carter's attention to this and was told that he, meaning Carter, would see him about it; that on or about the 8th day of November, 1932, Carter saw him, and at that time employed plaintiffs to file petitions for rehearing in both cases and attempt to secure a reversal of the judgments; that in pursuance of such employment plaintiffs prepared petitions for rehearing and rendered legal services in an attempt to secure rehearings, which were unsuccessful, and then endeavored to and succeeded in securing an advantageous settlement of the judgments, all of which were testified to in great detail. Testimony of members of the bar was offered to show that such services were reasonably worth the sum of $290.

Defendant's evidence was to the effect that the alleged agreement of August 2, 1932, was never entered into, that he never saw plaintiffs' exhibit 1 prior to its being admitted in evidence, and that he was not in plaintiffs' office at the time it is supposed to have been executed; that he had paid plaintiffs the sum of $1,300 for legal services in these lawsuits, which was in full for all the services rendered to defendant by plaintiffs in connection therewith; that the relation of attorney and client so far as these cases were concerned was never interrupted. Numerous exhibits were introduced by both parties in support of their respective contentions.

This substantially states the issues made by the pleadings and proof. There was no objection to the testimony as not being within the issues, and the pleadings will be considered amended to conform to the proof. For convenience, the parties will be referred to herein as they appeared in the trial court. The cause was submitted to a jury under the instructions of the court, and a verdict had in favor of the plaintiffs in the sum of $290; the defendant appeals to this court by petition in error and case-made, and to reverse the judgment cites ten specifications of error, but groups them into three assignments, or points, the first of which is as follows:

"The trial court erred in limiting the jury to the consideration of one fact, and that was whether or not the defendant, Carter,

signed the plaintiff's exhibit one and in withdrawing all the evidence of the defendant from the consideration of the jury in his instructions, and in overruling the defendant's objections to the instructions and his motion to the court to submit to the jury the general issues as raised by the petition and answer, all of which were excepted to by the defendant."

At the conclusion of the evidence in the case, the following record was made:

"By the Court: If either side have any requested instructions they want me to consider, hand them up now as I am going to write the instructions. By Mr. Wilkinson: Comes now the defendant, G. W. Carter, and requests the court in his instructions to submit to the jury the general issue as raised by the petition and denied by the answer and to place the burden of the whole case upon the plaintiffs."

The trial court, after defining the issues made by the pleadings, gave the following instruction:

"Considerable evidence has come before you respecting early transactions between the parties which are of no value to you · in considering the one and only question which I am submitting to you, which is: Did the plaintiffs and defendant enter into the written agreement introduced in evidence and dated August 2, 1932, which purports to sever the relationship of attorney and client between the parties, and to settle the question of fees with respect to the cases of Willie Wilson or his heirs against the defendant Carter?

"You are instructed that if you find from the evidence that the instrument dated August 2, 1932, purporting to be a receipt in full for services rendered up to that time by the plaintiffs in the above-mentioned cases and to sever their connection with such cases, was agreed to by the parties, then your verdict should be for the plaintiffs for such a sum as you find from the evidence to be a reasonable fee for their services in attempting to get a rehearing in the said cases and in attempting to effect a settlement with the plaintiffs therein after the petitions for rehearing had been denied, not to exceed the sum of $290. On the other hand, unless you find from the evidence that the said instrument dated August 2, 1932, was agreed to by the parties to this suit, then your verdict should be for the defendant."

Instruction No. 3 placed the whole burden on the plaintiffs. No objections or exceptions were taken to the instructions as given, no instructions were tendered by the defendant to the court with a request that they be given, and, as we view the matter, there is no error unless the instructions given fail

to state substantially the law applicable to the issues made by the pleadings and evidence. Martin v. McCune, 170 Okla. 196, 39 P. (2d) 978; Adams v. Small, 151 Okla. 244, 3 P. (2d) 661.

"It is not error to refuse to give an instruction orally requested of the court." Wolfe et al. v. Stevenson et al., 129 Okla. 148, 264 P. 182.

In that case, this court quotes with approval from Tays v. Carr, 37 Kan. 141, 14 P. 456, as follows:

"When a party to an action desires special instructions to be given to the jury, such instructions shall be reduced to writing and delivered to the court. It is no error to refuse to give an instruction orally requested of the court."

In the case of Harris et al. v. Smith, 149 Okla. 277, 300 P. 392, this court said:

"The tenth and eleventh assignments are directed to alleged error in the instructions. Defendants, in their brief, admit that no exceptions were endorsed upon the instructions. The record shows that no objection was made to any of the instructions, and nowhere does the record disclose that defendants in any way called attention of the trial court to the so-called 'fundamental errors' complained of for the first time in this court. They do not cite any case where it has been held that a party may sit by and see the trial court commit 'fundamental error' in its instructions, make no objection thereto, make no attempt to have the court correct such error, and thus speculate upon the verdict of the jury, and raise the question for the first time after the verdict has been rendered against them."

In Simpson v. Plummer, 96 Okla. 68, 220 P. 342, it was held:

"Where no exceptions are taken to the giving or refusing of instructions of the court, the parties are concluded by their failure to take exceptions, and the appellate court will not examine the same."

In St. L. & S. F. R. Co. v. Cauthen, 112 Okla. 256, 241 P. 188, it was held:

"The rule is fairly established that, where the charge of the court does not cover all phases of the case, counsel is bound to call its attention to the omission by an appropriate request or be precluded from making such failure available as reversible error."

"The question is not properly here for review. Learned counsel talked earnestly of 'fundamental error' here. They should have spoken, if it existed, where and when it could have been cured without requiring a new trial." Harris v. Smith, supra.

"Failure to instruct on particular phase of issue is not error in absence of request, where instructions were given applicable to issues and evidence." Drum Standish Commission Co. v. First National Bank & Trust Co. of Oklahoma City, 168 Okla. 400, 31 P. (2d) 843.

"Where the trial court, in stating the issues to the jury, quotes extensively from the pleadings, and, substantially, though not accurately, states the issues, and opportunity is given counsel to inspect the instructions, prepared by the court, and is given opportunity to prepare instructions, and counsel fails to submit any instruction defining the issues, a case will not be reversed for failure of the court to accurately define the issues involved." St. Louis-S. F. Ry. Co. v. Eakins et al., 141 Okla. 256, 284 P. 866.

"Where the trial court substantially, though not entirely accurate on all points, states the issues arising on plaintiff's pleading or evidence, and it does not appear that the jury were misled thereby or misunderstood the issues, and the party who took exception to the statement or instruction fails to submit any instruction defining the issues, such case will not be reversed on appeal on the ground that the court failed to properly define the issues involved." Gourley v. Jackson, 142 Okla. 74, 285 P. 84.

We hold that the instructions given fairly submit the issues made by the pleadings and evidence, and, in view of the record, defendant's first assignment is without merit.

The next complaint is directed at alleged prejudicial remarks of the trial court during the trial and improper argument of counsel for plaintiffs. We have examined the record and do not find that the conduct and demeanor of the trial court probably resulted in any miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right.

In the case of Settle v. Crawford, 155 Okla. 291, 9 P. (2d) 38, the first syllabus paragraph is as follows:

"A trial judge should refrain from any remark or demeanor during the conduct of a trial which might have a tendency to indicate an opinion as to the merits of the case or the truth or falsity of the testimony of witnesses. Where that rule has been violated and the violation thereof has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right, the judgment of the trial court will be set aside and a new trial will be granted, but where the judgment of the trial court is supported by the evidence and is clearly just, it should not be reversed by reason of a violation of the rule where the substantial rights of the plaintiff in error have not been violated."

As to the improper argument of counsel, we are of the opinion that it is not such as would entitle us to reverse this case upon that assignment alone. It does not appear to be such that substantial prejudice resulted therefrom, and that the jury was influenced thereby to the material detriment of the defendant. Knights & Ladies of Security v. Bell, 93 Okla. 272, 220 P. 594.

The third and last assignment of error is the overruling defendant's motion for a new trial based upon the alleged newly discovered evidence. This motion came on for hearing before the court on December 19, 1933, at which time the defendant offered the testimony of a handwriting expert, two bank employees of the bank where his checks were cashed, to show that plaintiffs' exhibit 1 did not contain his signature. Also, the affidavits of witnesses to the effect that in the evening of August 2, 1932, at the time said instrument was supposed to have been executed, defendant was in Idabel, Okla. The plaintiffs offered the testimony of another handwriting expert, who testified that the purported signature of the defendant on said exhibit and the admitted genuine signature of the defendant were the same. Upon consideration of the evidence of both parties, the court overruled the motions for new trial, which the defendant assigns as error.

To justify the granting of a new trial on the grounds of newly discovered evidence, such evidence must meet the following requirements:

"(1) It must be such as will probably change the result if a new trial be granted;

"(2) It must have been discovered since the trial;

"(3) It must be such as could not have been discovered before the trial by the exercise of due diligence;

"(4) It must be material to the issue;

"(5) It must not be merely cumulative to the former evidence;

"(6) It must not be to merely impeach or contradict the former evidence." Reviere v. Payne, 166 Okla. 150, 26 P. (2d) 734; Holmes v. Chadwell, 169 Okla. 191, 36 P. (2d) 499.

"Motion for new trial on ground of newly discovered evidence is matter largely within discretion of trial court." Wass v. Vickery, 158 Okla. 227, 13 P. (2d) 382.

"Whether a new trial should be granted on the ground of newly discovered evidence is determined principally by the consideration of the particular case rather than by some general rule of law." Davis v. First National Bank, 100 Okla. 190, 229 P. 228.

The plaintiffs' testimony on the trial was that the defendant signed plaintiffs' exhibit 1 and the defendant's was that he did not, and that he knew nothing about it, so the alleged newly discovered evidence appears to be merely cumulative of defendant's and contradictory of plaintiffs' on the trial. Whether or not this is true, and whether or not a different result would have been obtained, was a matter for the discretion of the trial court, and, in the absence of a showing of an abuse of his discretion, we will not disturb this ruling on appeal. Muller v. Elliott, 103 Okla. 223, 229 P. 792; J. S. Mayfield Lumber Co. v. Mann et al., 59 Okla. 249, 158 P. 1190; and Smith v. Garis, 125 Okla. 106, 256 P. 753.

There being no prejudicial error shown, the judgment of the trial court is therefore in all things affirmed.

Defendants in error in their brief refer to supersedeas bond included in the case-made at page 278, with Lucy Carter and J. W. Bayless, as sureties, and pray judgment thereon in the event the judgment is affirmed.

It is, therefore, ordered, adjudged, and decreed that the defendants in error, Bond & Bond, a copartnership, composed of E. H. Bond, Gilbert H. Bond, and Edward L. Bond, have judgment on the supersedeas bond, and against George W. Carter, as principal, and Lucy Carter and J. W. Bayless, sureties thereon, for the principal sum of $290, together with interest at 6 per cent. per annum from the 9th day of November, 1933, and for costs, for all of which let execution issue.

The Supreme Court acknowledges the aid of District Judge Henry W. Hoel, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion was adopted by this court.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.