# Staunton.

## M<sup>c</sup>CRAW V. VERNON AND OTHERS.

### September 15, 1910.

#### Absent, Cardwell, J.

1. INSURANCE—*Assignment of Policy—Omission of Name of Assignee.*—A single man took out a policy of insurance on his life payable to his sister, but with the right to change the beneficiary at any time. Shortly thereafter he married, and several times requested the agent who solicited the insurance to substitute his wife's name as beneficiary, and this the agent promised to do, but through neglect and forgetfulness failed to do so, and the assured died. Thereupon the beneficiary, sister of deceased, intending to assign the policy to the widow, voluntarily executed and delivered to the attorneys of the widow a paper under hand and seal assigning and transferring the policy, but inadvertently omitting the name of the assignee. The assignment also relinquishes all of her interest in said policy, and any and all claims against the insurance company pertaining to said policy. Shortly thereafter the sister repented of her act, claimed that the assignment was obtained by fraud, and that she was still the beneficiary under said policy; but the charge of fraud was not sustained. A bill was filed by the widow against the insurance company and the sister to recover the amount of the policy.

    *Held:* A court of equity will write the inadvertently omitted name of the widow into the paper as assignee, and direct the payment of the proceeds of the policy to her   .

Appeal from a decree of the Corporation Court of the City of Radford. Decree for defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*Longley & Jordan,* for the appellant.

*J. C. Wysor* and *W. S. Tipton,* for the appellees.

Harrison, J., delivered the opinion of the court.

This controversy is over the proceeds of a life insurance policy for $500, issued May 15, 1905, by the Life Insurance Company of Virginia on the life of Calvin A. McCraw. The discussion of the case has taken a much wider range than is justified by the controlling facts which are clearly established and decisive of the question at issue.

It appears that at the time the policy was issued the insured was a single man and his sister, Rena Vernon, was named therein as his beneficiary, with the understanding that the beneficiary might be changed at any time. Three months after the policy was issued the insured married the appellant, and a short time thereafter he instructed the agent of the insurance company to change the policy by substituting his wife's name as the beneficiary therein. This request was repeated by the insured to the agent who had secured the policy several times, and he promised to attend to it. In April, 1909, the insured died, and it was found that the agent had failed to change the name of the beneficiary as requested, an oversight which he says resulted wholly from his neglect and forgetfulness.

On the 28th day of April, 1909, Rena Vernon, the beneficiary named in the policy, executed under her hand and seal the following paper:

"Know all men by these presents that I do hereby of my own free will and accord and do by these presents assign transfer and set over all of my interest, title and ownership

in policy No. 1,550,315 in the Life Insurance Company of Virginia on the life of Calvin A. McCraw, now deceased, in which policy I was named as beneficiary, and do by these presents and this assignment relinquish all of my interest in said policy, and any and all claims against the Life Insurance Company of Virginia, pertaining to said policy No. 1,550,315."

It will be observed that this assignment fails to name the intended assignee, but the proof of the justice of the peace who wrote the paper and others is conclusive that the intended assignee was Nannie McCraw, the appellant, who is the widow of the deceased, Calvin A. McCraw, and that the omission of her name as assignee was a mere inadvertence of the scrivener.

Soon after the execution of this assignment, the appellee, Rena Vernon, repented of her act, and in her answer to the bill in this case charges that she is the rightful beneficiary of the policy and that the assignment was procured from her by fraud. This charge of fraud is wholly unsustained. On the contrary it is satisfactorily shown that the assignment of the policy was freely made by the appellee in the presence of her husband and with his approval, and that it was made for the purpose of enabling the appellant to secure from the company the proceeds of the policy.

The paper executed by the appellee is more than a mere assignment; it is an absolute relinquishment by her of all right in and title to the policy, and this paper under seal is delivered to the admitted agents of the appellant, thus investing her with the indisputable right to the policy and its proceeds. Under such circumstances equity will write the inadvertently omitted name of the appellant into the paper as assignee, and direct the insurance company to pay the proceeds of the policy to her.

The decree appealed from, which directs the proceeds of

the policy to be paid to the appellee, must be reversed and the cause remanded for a final decree in accordance with the views expressed in this opinion.

*Reversed.*