## BRYAN v. RAMSEY.

No. 15497—Opinion Filed July 14, 1925.

Rehearing Denied Dec. 15, 1925.

### 1. New Trial—Newly Discovered Evidence —Requisites.

A rule of wide recognition regarding the granting of new trials on the ground of "newly discovered evidence" exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted: (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issues; (5) it must not be merely cumulative to the former evidence, and (6) it must not be merely to impeach or contradict the former evidence.

### 2. Same—Necessity for Verification of Motion.

Under section 575, Comp. St. 1921, the motion for new trial on the ground of newly discovered evidence must be verified by affidavit showing the truth of the same. In this case such motion is not verified. It is true that affidavit of E. M. Rice as to what his testimony would be is attached to the motion, but the motion itself, in which the defendants set out their claim of reasonable diligence and other grounds, is not verified. It is necessary that the motion itself should be verified.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by J. D. Ramsey, against Edna Bryan, executrix of the estate of Charles A. Bryan, deceased, et al. Judgment for plaintiff sustaining motion for new trial, and defendant appeals. Reversed.

Young, Haste & Powell and W. G. Long, for plaintiff in error.

J. T. Blanton and H. W. Broadbent, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Murray county by J. D. Ramsey, defendant in error, plaintiff below, against Edna Bryan, executrix of the estate of Charles A. Bryan, deceased, Edna Bryan, Charles Bryan, and Mary Alcott Bryan, minors, Ira E. Pacey, and Mattie F. Pacey, defendants below, only Edna Bryan being plaintiff in error here in this appeal, to recover the sum of $10,000 on a promissory note and for foreclosure of a real estate mortgage given on certain properties, as security for the pay-

ment of said note. Parties will be referred to as plaintiff and defendants, as they appeared in the lower court.

It appears that this cause was tried as between J. D. Ramsey, plaintiff, and Edna Bryan, as executrix of the estate of Charles A. Bryan, deceased, and Edna Bryan in her individual capacity, Charles Bryan and Mary Alcott Bryan, minors. being represented by guardian ad litem. The petition is in regular form, asking for judgment for $10,000 on a promissory note claimed to have been executed by Charles A. Bryan, deceased, and Edna Bryan, his wife, and Ira E. Pacey and Mattie F. Pacey, the wife of Ira E. Pacey, and for foreclosure of mortgage on certain real estate, a portion of which belonged to the Bryans, and a portion of which belonged to the Paceys. Copies of the note and mortgage were attached to the petition as exhibits.

The defendant Edna Bryan, for herself and executrix, answered by way of general denial, and for her further answer, alleged that the claim had not been presented against the estate of Charles A. Bryan, deceased, as required by law, and for herself answered by way of cross-petition, denying the execution of the note sued on, but admitted the execution of a note for $2,500. She also denied the execution of the mortgage sued on, but admitted that she had executed a mortgage to secure a note in amount of $2,500, and pleaded a material alteration in both the note and mortgage, and that the real estate was the homestead of herself and two minor children, and asked for a reasonable attorney's fee of $750, and prayed that the pretended mortgage and the record thereof be canceled as a cloud upon the title of the defendant and her minor children, and that she have judgment for her costs and all other proper and equitable relief.

Plaintiff, on the day of trial, filed his amended reply, denying the allegations of defendant's answer; denying that the note and mortgage sued on were without consideration; denying that there was any alteration made in the note and mortgage sued on: and alleging that if the note and mortgage, or either of them were not signed by the defendant in person, she adopted the same as her own by acknowledging the validity of same after said signatures had been attached to said instruments, and that she was now estopped from questioning the genuineness thereof. The cause proceeded to trial before a jury, and at the close of all the evidence in the case, the jury returned its general verdict on the 30th day of Novem-

ber, 1923, against the plaintiff and in favor of the defendant, and on the 3rd day of December, plaintiff filed his motion for new trial upon the grounds that the verdict was contrary to law and not supported by the evidence, and that errors of law occurred at the trial.

On the 28th day of December, plaintiff filed an unverified supplemental motion for new trial on the grounds, first, misconduct of the jury, and, second, newly discovered evidence; and attached the affidavit of one of the jurymen, which attempted to set up the fact that the jury disregarded the court's instruction as to the acknowledgment of the defendant having been taken over the telephone, and also attached the affidavit of Emmet Rice, in which it was set up that he had a conversation with the defendant, Edna Bryan, in which she stated that she had executed the note in question jointly with Ira E. Pacey and Mrs. Mattie F. Pacey, in order to keep the bank open, and they would lose their home and their car on that account, and that this evidence was not discovered until after the trial of the cause and was totally unknown to exist, and could not have been discovered by any means known to the plaintiff; that said evidence was material and not cumulative, and that if said new trial were granted, this evidence would probably change the result.

A motion was filed by defendant to strike said supplemental motion for new trial upon the grounds that the new evidence is cumulative, that the motion is insufficient in law, filed out of time as new matter, and an attempt to impeach the verdict of the jury by affidavit of one of the jurymen, which motion to strike was overruled by the court and exceptions reserved by the defendant, and upon hearing of the motion and supplemental motion the court made the following order:

"* * * The court, after reading said motion and the supplemental motion herein and affidavits attached thereto, after hearing argument of counsel, being well and sufficiently advised, finds that the matters and things stated in said supplemental motion and affidavits thereto attached are true, and that the verdict rendered herein by the jury impaneled to try said cause on the 30th day of November, 1923, should be and the same is hereby vacated, set aside and held for naught and a new trial granted to the plaintiff, J. D. Ramsey," etc.

To which ruling of the court, overruling the motion to strike and setting aside the verdict of the jury and granting a new trial, the defendant reserved her exceptions, and the cause comes regularly upon appeal to.

this court by defendant from said order of the court in granting the new trial.

The attorneys for defendant set up five assignments of error, but content themselves to present and argue the same on the 1st and 5th assignments, which are as follows:

"First: That the court erred setting aside said verdict of the jury, rendered herein, because in said supplemental motion filed herein, new matter and things were alleged and set up in said motion that were not filed in the original motion, and that said supplemental motion was filed more than three days after said verdict was rendered. Fifth: That the court erred in allowing to be filed and admitted in evidence upon the motion on supplemental petition for a new trial, the affidavits of E. M. Rice, and the affidavit of S. W. Shepherd, one of the jurors in said cause."

Attorneys for plaintiff filed motion in this court to dismiss the appeal upon the grounds that the attorneys for defendant did not, in their brief, comply with the rules of this court, in setting forth an abstract or abridgment of the transcript, setting forth the material part of the proceedings, facts and documents upon which the defendant relies, and other necessary statements from the record, and then proceed in their brief to set up the abstract of the record, and attorneys for the defendant in the reply brief supply the other parts of the record; so that, in our opinion, the record is sufficiently set forth in the briefs of all parties to bring the matter fully before this court, so that the court may understand what is involved in this appeal, and we do not for this reason think that the appeal should be dismissed, and we are, therefore, of the opinion that the motion to dismiss the appeal should be and is hereby overruled.

The sole and only question for decision in this case worthy of our consideration is, whether, under the record presented here on this appeal, the court as an unmixed question of law was correct in setting aside the solemn verdict of the jury returned in this case under the circumstances disclosed by the record. The trial court forced the defendant to go to trial over her protest, after having allowed plaintiff to file his amended reply on the day of trial, and an examination of the record shows that each and every ruling of the trial court was in favor of the plaintiff, and on no material point did the court fail to make its ruling favorably to the plaintiff, and the order granting a new trial in this case shows clearly to us that the motion for new trial was sustained, not upon any ground set

out in the original motion, but upon the facts stated in the supplemental motion and the affidavits attached thereto, and while the court said that after he had read the motion and the supplemental motion and affidavits attached, he "finds that the matters and things stated in said supplemental motion and affidavits thereto attached are true, and that the verdict rendered herein by the jury impaneled to try said cause on the 30th day of November, 1923, should be, and the same is hereby vacated, set aside and held for naught."

There is not and cannot be any legal ground for a new trial as disclosed by the record, unless it be that contained in the supplemental motion, and under the authorities of Hobbs v. Smith, 27 Okla. 830, 115 Pac. 347; Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023; and the case of Goldie v. Corder, 35 Okla. 247, 129 Pac. 3, it is held by this court that, where the trial court orders a new trial and misapplies or mistakes a legal proposition, such ruling will be reviewed with the same freedom as if made at any other stage of the trial. In the last-mentioned case, it was said by the court:

"The law settles the rights of the parties, and it was simply the duty of the court to declare it."

It will be observed that the supplemental motion for new trial was based upon the two propositions, misconduct of the jury and newly discovered evidence. Attorneys for plaintiff concede in their brief that the motion of defendant to strike, if leveled alone at that portion of the motion based upon misconduct of the jury, should have been sustained, but contend that the supplemental motion for new trial should have been sustained upon the second question, presenting newly discovered evidence. This court, in an unbroken line of decisions, has held that a member of the jury cannot impeach the general verdict of the jury by his affidavit filed after the verdict has been returned, as to how the jury arrived at its verdict upon the facts and instructions, and we agree with counsel that this presented no legal ground for the trial court to set aside the verdict in this case.

We do not agree with counsel for plaintiff that the verdict of the jury should have been set aside on the ground set up in the supplemental motion upon the newly discovered evidence, for the reason the law requires that a motion properly verified should be filed, setting up the six different requirements as contained in a decision of this court in the case of City of Sapulpa v. Dea-

son et al., 81 Okla. 57, 196 Pac. 550, which are as follows:

"The Supreme Court has laid down six rules: (1) The testimony must be such as would probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issues; (5) it must not be merely cumulative to the former evidence, and (6) it must not be merely to impeach or contradict the former evidence."

The motion in this case does not meet the requirements of the statute nor of the rules laid down in the opinion in the case, supra. Not only must the motion itself be sworn to by the moving party, or some one in his behalf, but an affidavit as to what the newly discovered evidence is must be filed therewith, or a legal excuse given for failure to file the same.

In the case of Dodson & Williams v. Parsons, 62 Okla. 298, 162 Pac. 1090, this court said:

"Under section 5036, Revised Laws of 1910, the motion for new trial on the ground of newly discovered evidence must be verified by affidavit, showing the truth of the same. In this case such motion is not verified. It is true that affidavit of W. W. Housewright as to what his testimony would be is attached to the motion, but the motion itself, in which the defendants set out their claim of reasonable diligence, is not verified. It is necessary that the motion itself should be verified."

Again, in the case of Eskridge v. Taylor, 75 Okla. 139, 182 Pac. 516, this court held that the motion for new trial based upon newly discovered evidence must be verified by the applicant, setting forth the facts upon which the applicant seeks a new trial and not mere conclusions.

Then, finding as we do that the motion for new trial itself, in this cause, was not verified by the applicant, we are of the opinion that the court committed reversible error in not striking the same as requested in defendant's motion, and we are clearly of the opinion that the solemn verdict of the jury arrived at under the circumstances, as presented by this record, should not be lightly set aside, but should be sustained, and the rights of the successful parties be protected unless the same may be set aside under the law and under the forms of law, as prescribed by our statute and as interpreted by this court in the opinions cited and quoted from in this opinion.

We are, therefore, of the opinion that the judgment of the lower court, in setting aside the verdict of the jury in this case, was erroneous, and that said judgment should be and is hereby reversed, with instructions to the trial court to set aside said order, reinstate the verdict of the jury, and render the judgment of the court for the defendant in conformity therewith.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. pp. 883, 886, 899, 903, 911, 918; 20 R. C. L. p. '290; 3 R. C. L. Supp. p. 1051; 4 R. C. L. Supp. p. 1351, 5 R. C. L. Supp. 1096. (2) 29 Cyc. p. 960 (1926 Anno).