## RAMSEY v. BRYAN, Ex'x, et al.

No. 18518.   Opinion Filed April 8, 1930.

Rehearing Denied July 8, 1930.

Walter E. Latimer and H. W. Broadbent, for plaintiff in error.

Young & Powell and John A. Haste, for defendants in error.

LESTER, V. C. J.  This case is here on the second appeal. The opinion on the former appeal is entitled Bryan v. Ramsey, and is to be found in 115 Okla. 133, 242 Pac. 222.

J. D. Ramsey brought an action against Edna Bryan, executrix of the estate of Charles A. Bryan, deceased, Edna Bryan, individually, Charleyn Bryan and Mary Alcott Bryan, Ira E. Pacey and Mattie F. Pacey, upon a certain promissory note executed and delivered to the plaintiff in the sum of $10,000. This note was purported to have been secured by a mortgage on the home-

stead of Charles A. Bryan and his wife, Edna Bryan, and it was sought to obtain judgment on the said note and a foreclosure of the mortgage.

Edna Bryan, as executrix of the estate of Charles A. Bryan, deceased, filed an answer to said petition in which she alleged that the note sued on was never presented to her as executrix of the estate of Charles A. Bryan, deceased, and the time had long passed for the presentation of the same to her for payment, and that the failure to present the same to her as executrix of Charles A. Bryan constituted a bar to the action.

Edna Bryan filed a separate answer in which she alleged that the note sued on had been changed and altered; that the note as signed by her was for the sum of $2,500, whereas the note had been altered and changed and raised to the sum of $10,000.

A guardian ad litem was appointed for the minors. Ira E. Pacey and Mattie Pacey made no appearance whatsoever.

Trial was had to the court and jury upon the issues thus formed, and, omitting the caption, the jury returned its verdict in the following form:

"We, the jury impaneled and sworn to try the issues in the above cause, do, upon oaths, find for the defendant, Edna Bryan, and against the plaintiff, J. D. Ramsey.

"Bud Frantz, D. White, W. T. Taylor, R. S. Wells, N. A. Chadwick, J. H. Brassfield, D. C. Lee, H. M. Faulkner, T. E. Freeman and L. A. Arms."

When the verdict was returned into the court, the record shows that both parties were present and no objections made to the form of the verdict so returned. A motion for new trial was filed by the plaintiff, alleging that he had discovered new evidence.

The court set aside the verdict and granted a new trial, from which Edna Bryan appealed to this court, and this court in an opinion reversed the judgment of the trial court and directed the district court to reinstate the verdict of the jury and render judgment thereon. Bryan v. Ramsey, supra.

The mandate of this court was issued in regular form, and the district court thereafter rendered judgment reciting in part (C.-M. 159, 160):

"It is therefore ordered and adjudged by the court that the verdict of the jury rendered herein at the November term, 1923, be and the same is reinstated, that the order vacating same be and the same is hereby set aside and held for naught and judgment for the defendants Edna Bryan, Edna Bryan, executrix of the estate of Charles A. Bryan, deceased, Charleyn Bryan, a minor and Mary Alcott Bryan, a minor, be and the same is hereby rendered.

"It is further ordered and adjudged by the court that the plaintiff, J. D. Ramsey, take nothing herein as against the defendants Edna Bryan, Edna Bryan, executrix of the estate of Charles A. Bryan, deceased, and Mary Alcott Bryan, a minor, and Charleyn Bryan, a minor, but that they and each of them recover their costs herein, and it is further adjudged that the note sued on herein, so far as same affects the defendant Edna Bryan, and Edna Bryan, executrix of the estate of Charles A. Bryan, deceased, and the mortgage securing same purporting to have been executed by Charles A. Bryan, deceased, and Edna Bryan his wife, be and the same is hereby canceled, held for naught, and ordered canceled of record, and it further appearing that this was an action to foreclose a mortgage, involving a lien upon real estate, and that the plaintiff and the defendant had each plead that $750 was a reasonable attorney's fee in said cause, and it further appearing from the testimony at the hearing that said sum was a reasonable attorney's fee, it is by the court adjudged that the above-named defendants do have and recover of and from the plaintiff a reasonable attorney's fee in the sum of $700, and their costs in this behalf expended. To all of which rulings and judgments the plaintiff duly excepted."

From the judgment so entered, the plaintiff has appealed.

The petition in error presents many propositions that were involved in the original appeal and the plaintiff in his brief discusses many propositions that were presented and determined on the first appeal.

It appears from the record in this case that all parties to the action construed the issues as being mainly between the plaintiff, J. D. Ramsey, and Edna Bryan, and that the interest of all other parties to the action was merely ancillary to the issues between the plaintiff and defendant Edna Bryan.

Conformable to this view, we herewith set out plaintiff's requested instruction No. 1:

"You are instructed to return a verdict in favor of the plaintiff and against the defendants Edna Bryan and I. E. Pacey and Mattie F. Pacey for the amount of the notes sued on, together with interest thereon according to the tenor of same, being ten per cent, per annum, and the additional amount of ten per cent, per annum on the amount due as an attorney fee, less the sum of $2,-650 to be credited on said sum of said note as of the 19th day of April, 1923."

The court without objections from the parties instructed the jury solely upon the issues as between J. D. Ramsey and Edna Bryan.

As to the defendants Pacey, they made no appearance and judgment was rendered in favor of the plaintiff as against them.

The district court having before it the record in the case and the theories upon which it was tried by the parties, and as a matter of law, it found the issues were tried upon the theory that if Edna Bryan prevailed, that judgment in favor of the two minor children would follow as a matter of law.

In the case of First Nat. Bank v. C. M. Keys & Co., 27 Okla. 704, 113 Pac. 715, this court said:

"If, upon a cause being remanded with directions to enter judgment in accordance with the opinion of the Supreme Court, the court below enters judgment in substantial conformity with the directions of the appellate court, its action will not be disturbed on a second proceeding in error."

In reference to the attorney's fee, section 7482, C. O. S. 1921, provides:

"In an action brought to enforce any lien, the party for whom judgment is rendered shall be entitled to recover a reasonable attorney fee, to be fixed by the court, which shall be taxed as costs in the action."

Considering all the facts and circumstances in this case, we find that a reasonable attorney's fee should be fixed in favor of the defendants in the sum of $250, and the judgment of the court is so modified, but in all other respects the judgment is affirmed.

RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HUNT, J., dissents. MASON, C. J., and CLARK and HEFNER, JJ., absent and not participating.