GERARD S. CHARTRAND *vs.* JULES P. P. CHARTRAND
& others.

Middlesex.     November 12, 13, 1935. — September 9, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Insurance*, Life: assignment. *Equity Pleading and Practice*, Costs. *Interpleader*.

By virtue of an assignment, without consideration, by the insured in a policy of life insurance payable to his estate, of the policy "and all dividends, benefit and advantage to be had or derived therefrom," it not appearing that the insured had any creditors or that he was not solvent at all times, and it appearing that the assignee paid the premiums as they accrued and that there was no change of beneficiary indorsed on the policy, the assignee, and not the estate of the insured, had the right to receive the proceeds of the policy at the death of the insured.

In a petition in equity by a beneficiary under the will of an insured person against the executor of the will and an assignee of the policy and the insurer, the insurer, although it filed a petition for interpleader, was not as of right entitled to counsel fees and costs out of the fund; their allowance was, under G. L. (Ter. Ed.) c. 261, § 13, subject to the discretion of the court.

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on March 20, 1935.

From a decree entered by order of *Monahan*, J., the respondents Jules P. P. Chartrand, individually, and New York Life Insurance Company appealed.

*F. H. Nash*, (*J. Barker, Jr.*, with him,) for New York Life Insurance Company.

*D. W. Casey*, for Jules P. P. Chartrand.

*S. L. White*, for Gerard S. Chartrand.

RUGG, C.J.     This is a petition in equity brought in a probate court by Gerard S. Chartrand, a son, an heir at law and a beneficiary of the estate of Michel A. Chartrand, who died testate on December 4, 1934. Its object is to establish the rights and interests of the estate in two life insurance policies issued by the New York Life Insurance Company

upon the life of the testator. G. L. (Ter. Ed.) c. 215, § 6; c. 230, § 5, as amended by St. 1934, c. 116. The respondents are the executors of the will of the testator, individually and as executors, and the insurer. One of the policies has been eliminated from controversy by agreement of all parties. The issues now presented relate to a single policy of life insurance for $5,000. Those issues, briefly stated, are these: The petitioner asserts in his petition that the estate of the testator as the original beneficiary under the policy is entitled to its proceeds. The respondent executors assert that Jules P. P. Chartrand, one of them and a son of the testator, is the sole beneficiary and is entitled to the proceeds of the policy. The insurer filed an answer and petition for interpleader, stating that it has no interest in the merits of the petition but holds a specified sum of money as the balance due on the policy and is in doubt as to the person or persons entitled to that sum, and praying that it be allowed to pay that sum into court after deducting counsel fees, costs and expenses. The trial judge filed a report of material facts and entered a decree declaring that the estate of the testator was entitled to the proceeds of the policy and ordering the insurer to pay the same to the executors, making no order for payment to the insurer and interpleader of counsel fees, costs and expenses, but reporting his denial of a request for a ruling of law that the insurer was entitled to such an allowance. The respondents Jules P. P. Chartrand and the insurer appealed from the decree.

Since the evidence is not reported, the facts found by the trial judge must be accepted as true. Those facts are these in substance: The effective date of the policy was October 17, 1928. It was made payable in the event of death "to the estate of said Michel A. Chartrand as beneficiary." On November 30, 1928, the testator assigned to his son, Jules P. P. Chartrand, one of the respondents, without consideration, the policy "and all dividends, benefit and advantage to be had or derived therefrom, subject to the conditions of said policy, and the rules and regulations of the Company . . . ." There was compliance with all requirements of the policy regarding assignments. The "estate of

said Michel" remained unchanged as beneficiary. There was no indorsement of a change of beneficiary on the policy. No written notice requesting a change of beneficiary was made "to the Company at its Home Office accompanied by the Policy for indorsement of the change thereon by the Company." The assignee, Jules P. P. Chartrand, paid the premiums on the policy as they accrued and retained possession of the policy until the death of his father. Material provisions of the policy under the caption "Miscellaneous Benefits" are these: "Assignment. — Any assignment of this Policy must be made in duplicate and one copy filed with the Company at its Home Office. The Company assumes no responsibility for the validity of any assignment." "Change of Beneficiary. — The Insured may from time to time change the beneficiary, unless otherwise provided by indorsement on this Policy or unless there be an existing assignment of this Policy. Every change of beneficiary must be made by written notice to the Company at its Home Office accompanied by the Policy for indorsement of the change thereon by the Company, and unless so indorsed the change shall not take effect. After such indorsement the change will relate back to and take effect as of the date the Insured signed said written notice of change whether the Insured be living at the time of such indorsement or not, but without prejudice to the Company on account of any payment made by it before receipt of such written notice at its Home Office. In the event of the death of any beneficiary before the Insured the interest of such beneficiary shall vest in the Insured, unless otherwise provided herein." Under the heading of "Other Provisions" there is a space left on the page for any indorsements and above the same the following words appear: "Register of Change of Beneficiary. NOTE. — No change of Beneficiary shall take effect unless indorsed on this Policy by the Company at the Home Office." The policy does not expressly empower the insured to give an assignee a right superior to that of an existing beneficiary who has not released his rights.

The testator as the insured had all rights under the policy as it was issued. It was payable to his estate upon his

death. No third person was named as beneficiary. No one else had any interest in the policy. It does not appear that he had any creditors or that he was not solvent at all times. The assignment of a life insurance policy and a change of beneficiary of the policy are not the same. An assignment is a transfer in whole or in part of the rights of the assignor. A change of beneficiary is the exercise of a power given to the insured by the terms of the policy. The assignment in the case at bar comprised the policy and all dividends, benefit and advantage to be had or derived therefrom. This form of assignment has been held to be sufficient to constitute a change of beneficiary when such beneficiary was a third person, unless contrary to express terms of the policy. *Atlantic Mutual Life Ins. Co.* v. *Gannon,* 179 Mass. 291. In *Goldman* v. *Moses,* 287 Mass. 393, it was held that the interest of a third person named as beneficiary could be divested only in substantial compliance with the provisions of the policy. The case at bar presents a different situation from that disclosed in either of those decisions. No third person had any interest in this policy. It was payable to the estate of the insured. A living person has no heirs. The estate of the testator as beneficiary of the policy in the event of his death had not come into existence at the time of the assignment. There was no executor or administrator of his estate. Under such a policy all rights normally held by a beneficiary belonged to the insured. All those rights in addition to those held by him as insured were transferred to the assignee by the form of assignment here executed. It is common knowledge that in recent years large policies of insurance have been pledged by assignment to creditors of insured persons to secure obligations of the latter. If any third person is named as beneficiary, his interests are superior to those of the assignee under a policy like that here in suit, unless the beneficiary is changed in accordance with the policy. But where the insured or his estate or executors or administrators are beneficiaries, the act of assignment by the insured, who alone has any interest in the policy, constitutes a transfer of all property rights therein. The insured and

his own estate during his life do not constitute two separate and distinct entities; they are a single unit of ownership. Whether instances may arise where the rights of creditors of the insured may be entitled to protection need not be determined in the case at bar. In the circumstances here disclosed there is no significance in the fact that the assignee gave no consideration for the assignment. He paid all premiums due on the policy. See *Tartakin* v. *Stitt*, 263 Mass. 274, 277. The assignee succeeded to all the rights of the insured. One of these rights held by the insured at the time of the assignment was to receive the proceeds of the policy when it became payable. It is hardly accurate to say that the assignment constituted a change of beneficiary. All rights of the insured to the policy passed under the assignment. Included among those rights was that to collect the amount due on the policy.

The refusal of the trial judge to allow counsel fees and costs to the insurer presents no error of law. Commonly such allowances are made. The provisions of G. L. (Ter. Ed.) c. 231, § 40, are applicable only to actions at law. This is a proceeding in equity. Under G. L. (Ter. Ed.) c. 261, § 13, it is provided that in suits in equity and in proceedings where no provision is expressly made by law "costs shall be wholly in the discretion of the court." The insurer does not suggest in argument any facts which would as matter of law override this discretionary power. The insurer did not take the initiative in filing a bill of interpleader. It cannot quite be said that there was abuse of discretion in refusing to allow the request of the insurer. There was no error of law in refusing to make findings of fact touching counsel fees and costs, since these were wholly discretionary.

It follows that the decree must be reversed. A new decree is to be entered ordering the amount due on the policy to be paid to Jules P. P. Chartrand.

*Ordered accordingly.*