**DEATON v. LITTLE, Ex'r.**

No. 25992.   Oct. 20, 1936.

Rehearing Denied Dec. 8, 1936.

Mauntel & Spellman, for plaintiff in error.

E. W. Snoddy, for defendant in error.

PER CURIAM. This appeal presents for review the proposition as to whether or not the trial court erred in granting a new trial after permitting the plaintiff in the trial court to file a supplemental verified motion for new trial on the grounds of newly discovered evidence after a trial of the issue of facts. The original motion for new trial was filed within the statutory time. Verdict was for defendant in the trial court. Plaintiff filed a motion for new trial, unverified, but thereafter with permission of the trial judge filed a supplemental verified motion for new trial on the grounds of newly discovered evidence; new trial granted.

For convenience the parties will be referred to as they appeared in the trial court.

The plaintiff, O. H. Little, executor of the last will and testament of L. A. Little, deceased, filed suit against Robert Deaton to recover judgment on a note in the principal sum of $3,920 less $1,800 credit, leaving a balance of $2,990. The above figures cannot be reconciled with the pleadings after examination of the copy of the note attached to the petition. As appears from the record the defendant filed his verified general denial specifically denying the execution of the note sued on, and the issues were duly submitted by trial to a jury, and the jury found for the defendant; a motion for new trial was duly filed within the statutory time, and thereafter with permission of the trial court

two supplemental motions for new trial were filed, principally on the ground of newly discovered evidence, and upon the filing thereof the court granted a new trial to the plaintiff. It appears that in the petition in error the plaintiff in error has given the venue of this case in the Supreme Court in and for the United States of America, which may have been an oversight and which is probably waived, as counsel for defendant in error has not filed a motion to dismiss.

The defendant filed his verified answer denying the execution of the note sued on herein by the plaintiff in error. Defendant below submits four assignments for review in his petition in error, but directed his argument to the proposition that the court erred in permitting the filing of the supplemental and amended verified motion for a new trial more than 20 days after the verdict was rendered in said cause and granting a new trial thereon.

Section 400, Okla. Stats. 1931, provides as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

Section 401, Okla. Stats. 1931, provides as follows:

"* * * The cause enumerated in subdivisions two, three, seven and nine of section 5033 (398) must be sustained by affidavits, showing their truth, and may be controverted by affidavits."

Subdivisions three and seven being the grounds with which we are concerned in the case at bar, subdivision three being as follows: "Accident or surprise which ordinary prudence could not have guarded against." Subdivision seven as follows: "Newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial." The above being two of the grounds upon which the trial court may grant new trials.

Defendant cites the case of Bryan v. Ramsey, 115 Okla. 133, 242 P. 222, and appears to rely thereon for reversal of this cause, and upon analyzing said case it appears that the holding therein is to the effect that the motion itself for a new trial should be verified, and in the case at bar the last and supplemental motion for a new trial was verified

and sworn to by counsel for plaintiff, and the question then arises whether or not the court in his discretion had authority to permit the plaintiff to file a supplemental or amended motion for a new trial. In a long line of decisions in this state, as well as other states, it has been held · that trial courts are invested with broad discretion in the granting of new trials.

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issues; (5) it must not be merely cumulative to the former evidence, and (6) it must not be merely to impeach or contradict the former evidence." Bryan v. Ramsey, supra.

From the record in this case it appears that the verdict of the jury for the defendant was rendered or filed April 23, 1934; that motion for new trial was filed unverified, April 24, 1934, and thereafter, on April 25, 1934, a supplemental and additional motion for new trial was filed unverified, and thereafter on May 14, 1934, an additional supplemental motion for new trial on grounds of newly discovered evidence was filed, which motion was verified and filed with permission of the trial court; that the record does not disclose that these supplemental motions were permitted by the court to be filed except by journal entry signed by the court, which was filed in the cause May 19, 1934; that said journal entry recites that the plaintiff was permitted to file his supplemental motions both verified and unverified, and that the court acted thereupon in granting the motion for new trial.

As the defendant filed a verified answer denying the execution of the note sued on herein, and the last verified supplemental motion for new trial sets out that it was discovered during the trial, and that it was impossible to subpoena the witnesses who saw the defendant sign the note sued on, it was a matter up to the discretion of the trial court as to whether or not the newly discovered evidence was sufficient to change the result of the original trial.

In Belt v. Morris, 168 Okla. 528, 34 P. (2d) 581, decided June 29, 1934, six requirements must be met before the court is authorized to grant a new trial as is required in Bryan v. Ramsey, supra, and this case quotes from Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023, in which it was announced that the said six requirements herein above referred to should be met before the court is authorized to grant a motion for new trial. The question now presents itself as to whether or not these requirements are met in the judgment of the trial court, and as the great weight of authority leaves the granting of a new trial to the discretion of the trial court, the proposition is whether or not the mind of the court passing on the motion for new trial is convinced that all six requirements herein above referred to have been met, and we are forced to the conclusion that the trial court was of the opinion that said requirements were met or he would not have granted a motion for new trial, or at least we cannot here question his discretion. St. Louis-S. F. R. Co. v. Howard, 171 Okla. 561, 43 P. (2d) 402, decided by this court April 16, 1935, seems to be one of the last decisions bearing on the point at issue in the case at bar. In said cause the court went so far as to say:

"Where a case is tried by jury, and a general verdict rendered, and the trial court sets the verdict aside and grants a new trial, and proceedings in error are brought to review the action of the court in granting the new trial, this court will review the entire record, and, wherever the matters shown in the record warrant the making of the order, even though the lower court assigns a wrong reason for making the order, will sustain the order; held, that the lower court was within the bounds of his discretion in making such order. Gibson v. Van Leuven, 147 Okla. 217, 296 P. 412."

In the case at bar the trial court heard the evidence, saw the demeanor of the witnesses on the witness stand. observed their interest in the case, and is in much better position to judge whether or not the plaintiff is entitled to a new trial than what can be gleaned from the bare statement in the record. As the defendant denied under oath the execution of the note, and there undoubtedly appeared to the trial court that there might be evidence produced to show that the defendant actually received the money it was claimed he received at the time the note in question was signed, and there seems to be some evidence or statements that the record will be produced showing that the defendant checked out or paid from his own bank account the proceeds of this note sued on, and this would indicate that in the court's discretion he would be vested with the right to draw his conclusions from the general appearance of the witnesses and the circumstances surrounding the transaction and note

involved herein, and this would enlarge the discretion of the court as to whether or not the plaintiff should be entitled to a new trial in view of the fact that it will only place the parties back where they were in the beginning of the trial, and if upon another trial the plaintiff cannot produce the evidence as indicated in their supplemental verified motion for a new trial, in all probabilities, it is likely that the results would be the same as in the former trial, but, on the other hand, if the plaintiff is able to produce an eyewitness to the signing of the note in question, it is probably likely that other circumstances might develop to throw light on the true facts in this case. A number of cases have been cited by counsel for the respective parties, but by a long line of decisions it is conceded to be the established law in this state, unless the record discloses that the order of the trial court in granting a new trial is based on an erroneous view of some pure, simple, and unmixed question of law, the same will not be disturbed on appeal. In Aughenbaugh v. Spellman & Co., 151 Okla. 152, 2 P. (2d) 1028, the court in the body of the opinion says that a verdict might well have been read either way; the trial court assigned no special reason for granting the new trial nor was he requested so to do. The court further says it has been repeatedly held that motions of this character are addressed to the sound discretion of the court, and that its ruling thereon will not be reversed unless an abuse of discretion is shown.

We might differ from the trial court as to whether or not the verdict of the jury should be allowed to stand; but this is not the question being passed upon in this appeal; the whole question is whether or not the trial court abused his discretion in granting a new trial. In view of the decisions of this court as to the very wide discretion allowed a trial court in granting new trials, it cannot be said that the trial court erred in doing so in this case, and the decision of the trial court should be affirmed.

From the reasoning above set forth and the holding of the weight of authority in the state of Oklahoma, the judgment of the trial court should be, and is, affirmed.

The Supreme Court acknowledges the aid of Attorneys C. E. Baldwin, Morse Garrett, and William Fleetwood in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Baldwin and approved by Mr. Garrett and Mr. William Fleetwood, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.