## ALKIRE v. KING.

No. 28147. April 26, 1938.

Rehearing Denied June 21, 1938.

. Eugene Forbes and Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Mitchell & Mitchell, for defendant in error.

GIBSON, J. After the death of Nova E. Alkire, and after the administrator of his estate had collected large sums of money from insurance companies which had insured his life, Grace King brought this action against the administrator, H. O. Alkire, to recover such sums. alleging that a short time before his death Nova E. Alkire had assigned to her all the insurance payable to his estate. She relied upon a certain writing and transactions and conversations in connection with the delivery of the writing to her by the insured. The assignment was never sent to or recognized by the companies, hence the payments to the administrator.

The principal question in the case is the sufficiency of the alleged assignment. The trial court and the jury considered it valid and sufficient. Miss King was awarded judgment against the administrator, and he appeals.

It is urged first that the court should have sustained the motion of the defendant to make the petition more definite and certain. In the caption of the petition the defendant is named simply by giving the name of the individual, but in the body of the petition apparently he is proceeded against as administrator. The motion was presented to require the plaintiff to state whether she was proceeding against the defendant as an individual or in his representative capacity. He was served as an individual. The error would be serious were it not for the defendant's position in subsequent proceedings.

Obviously, since the insurance money was received by him as administrator. that is the capacity in which he should have been sued. If a demurrer had been offered by the defendant solely as an individual. he might still have preserved the point and his demurrer probably would have been well taken; but in his demurrer he appears both individually and as administrator, and in his caption to the demurrer he designates

the defendant as administrator. His answer was filed in both capacities, and therein he admitted his capacity as administrator, and that as such had collected the money. The verdict of the jury went against the defendant, not naming him, and the judgment is against "the defendant." A stipulation as to disposition of the funds pending appeal designated him as defendant, but obviously could have been for him only in his capacity as administrator, and here he designates himself simply as H. O. Alkire.

Our construction of the judgment in connection with the other proceedings hereinabove referred to is that the judgment is against him as administrator and not individually, and that his appeal here must be taken to be in the same capacity. Therefore, there is no reason to consider the ruling on the motion, which was filed merely in his individual capacity. Error, if any, in the ruling has long since been waived.

There is no merit to the contention that the assignment is not valid because not accepted by the insurance companies. The companies are not involved here; the suit is between rival claimants to the funds which have already been received from the companies. The rule is well established that the provision in the policy requiring approval or acceptance of the assignment is for the sole benefit of the company. See 37 C. J. 431, 432, and cases cited.

Since the policies here involved were payable to his estate, Nova E. Alkire had the absolute right to assign and transfer them. 37 C. J. 422, 423.

"The testator as the insured had all rights under the policy as it was issued. It was payable to his estate upon his death. No third person was named as beneficiary. No one else had any interest in the policy. * * * The assignment of a life insurance policy and a change of beneficiary of the policy are not the same. An assignment is a transfer in whole or in part of the rights of the assignor. A change of beneficiary is the exercise of a power given to the insured by the terms of the policy. * * * No third person had any interest in this policy. It was payable to the estate of the insured. A living person has no heirs. * * * Under such a policy all rights normally held by a beneficiary belonged to the insured. * * * The insured and his own estate during his life do not constitute two separate and distinct entities: they are a single unit of ownership." Chartrand v. Chartrand (Mass.) 3 N. E.2d 828.

We consider, therefore, whether there was an assignment of the policies enforceable in equity. The policies were not delivered to Miss King, but this does not appear to be necessary.

"All the decisions are to the effect that neither failure to deliver the assignment or policy into the manual possession of the assignee, nor retention of such possession by the assignor of the policy, is vital." Northwestern Mutual Life Ins. Co. v. Wright (Wis.) 140 N. W. 1078.

See, also, Richardson v. White (Mass.) 44 N. E. 1072.

The evidence is indisputable that a few days before his death the deceased delivered to Grace King a written note on his official stationery containing the following language:

"At Office.

"Dear Grace:

"Just got back from Weatherford and the Doctor has me up in the air but I don't believe my condition is as serious as he thinks. Most of my insurance is made to my estate and all I have is yours because you are mine. Will do anything you like tonight.

"Love,

"Nova."

Nova E. Alkire and Grace King "had been keeping company" for twelve years and had frequently contemplated marriage. The evidence shows that they had tentatively set a date for marriage after the close of school in 1936. But in December, 1935, Nova E. Alkire died. The note was delivered by him to Grace King November 28, 1935, in the presence of two witnesses. He stated at the time that he was giving his insurance to her. He further said to Grace King at the time:

"I want you to hang on to that; it means a lot to you. I have always told you that I would take care of you and I want you to have my insurance. I have taken care of my sister."

Since he owned these policies, Nova E. Alkire had the right to assign all interest in them to Grace King by way of gift, or for the consideration of the love and affection he bore her. See Northwestern Mutual Life Insurance Co. v. Wright (Wis.) 140 N. W. 1078; 37 C. J. 429. Consequently, if the language of the note and attending circumstances constitute an assignment, the judgment was correct.

"No particular form of words is essential to effect an assignment of a policy. As a rule, any writing indicating the intention to pass the interest in the proceeds of the policy to the assignee is sufficient as an assignment. An assignment need not be attached to the policy, but may be by a separate instrument." 37 C. J. 426, sec. 130.

In McCraw v. Vernon (Va.) 68 S. E. 979, parol evidence was admitted to supply the name of the intended assignee, omitted from the assignment. If we consider the circumstances and declarations surrounding the delivery of the instrument under consideration here as explanatory of its somewhat ambiguous terms, in connection with the applicable principles of law, it must be taken as if it read as follows:

"Most of my insurance is made to my estate (therefore it is mine to do with as I please) and all (of the insurance) I have is yours (I am by this instrument giving it to you) because you are mine (you have given me your love and affection.)" That is, "because you have given your love and affection to me, I am giving this insurance to you."

Evidently the jury and the trial court construed the transactions substantially to that effect, and the evidence supports such construction.

As we understand the judgment, the administrator was given credit for the moneys he had paid out for approved claims. In this action, although he is in form a defendant, in reality he is in the position of a stakeholder. We believe he was only doing his duty in defending this action. His position was made necessary somewhat by the actions and delay of the plaintiff. In such circumstances he should not be compelled to pay the costs of the proceedings, but they should come from the fund in controversy.

The judgment, as modified by the stipulation filed in reference to stay of execution and injunction, is affirmed.

BAYLESS. V. C. J., and CORN, HURST, and DAVISON, JJ., concur.