## ALKIRE v. KING.

No. 29043. April 9, 1940.

Rehearing Denied May 14, 1940.

*102 P. 2d 136.*

John Barry and Rittenhouse, Webster & Rittenhouse, all of Oklahoma City, for plaintiff in error.

Mitchell & Mitchell, of Clinton, for defendant in error.

DAVISON, J. This appeal is from an order and judgment of the district court

of Custer county denying a motion for a new trial filed by plaintiff in error pursuant to section 402, O. S. 1931 (12 O. S. A. 655).

The parties are herein referred to as they appear in the trial court.

Defendant's appeal from the verdict and judgment on the merits has heretofore been affirmed. Alkire v. King, 183 Okla. 187, 80 P. 2d 309.

By the judgment in said cause, the plaintiff, Grace King, was awarded the proceeds of certain life insurance policies on the life of Nova E. Alkire, based, in part, upon a certain assignment by Nova E. Alkire to the plaintiff, the signature to which assignment the defendant charges to be a forgery.

After the decision was rendered in the above case by this court (183 Okla. 187) the defendant, in his motion for a new trial, alleged that subsequent to the filing of the above-described appeal, he, for the first time, discovered that the signature to said assignment was not in fact written by the said insured, but was written by another without the consent of the insured or of the defendant, and attaches an affidavit of the party claiming to have signed the name "Nova" to said assignment.

In Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023, L. R. A. 1916C, 1155, this court set forth the following requirements as conditions for the granting of new trials on the ground of newly discovered evidence: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence.

Defendant relies for a new trial primarily upon the testimony of the party claiming to have signed the instrument, although defendant then also adduced testimony of handwriting experts that the questioned signature was not that of Nova E. Alkire.

It may be said that sufficient reason is shown why the proposed evidence of the party whose affidavit is attached to the motion for new trial was not offered at the trial and that sufficient diligence in that respect was exercised, and that the proposed evidence is material to the issue.

The principal question that would again be at issue were a new trial granted, is whether or not the signature "Nova" is genuine. Indirect and inferential evidence in the affirmative was given at the original trial, and this question was one of the issues before the trial court at that time. Direct evidence was received to the effect that the signature was not genuine. The pleadings and evidence having placed in issue the genuineness of the signature, a special interrogatory signed by the entire jury was answered affirmatively that the questioned signature was that of Nova E. Alkire. The proposed testimony is that the signature was written by a proposed witness and not by Nova. By the proposed evidence would be contemplated a redetermination of the genuineness of the signature. Viewed in that light the proposed proof is but cumulative. But were we to hold the proposed testimony not to be cumulative, whether or not it would probably change the result of the previous trial was a matter which, by numerous authorities, rested in the sound judicial discretion of the trial court, who saw and heard all the witnesses both upon the trial on its merits and upon the hearing of the instant motion for new trial.

A large number of witnesses, including business men, bankers, lawyers, ministers, and doctors, were called to prove that the general reputation of the party making the affidavit in question, in the community in which he lived, for truth and veracity was bad. A number of these witnesses testified to his general reputation for truth and veracity as being bad. The court, upon objection being made, excluded the testimony of addi-

298

tional character witnesses who were offered to testify on this point for the reason that such additional testimony would be burdensome to the record.

From our examination of the entire record, we are unable to say that the trial court abused its discretion in overruling the motion of plaintiff in error for a new trial, in the absence of which this court will not disturb the ruling appealed from. See Carter v. Bond & Bond, 174 Okla. 28, 49 P. 2d 701; Belford et al. v. Allen, Adm'r, 183 Okla. 256, 80 P. 2d 671; Abrams v. Neal, Adm'r, 182 Okla. 560, 78 P. 2d 1049; Deaton v. Little, Ex'r, 178 Okla. 347, 62 P. 2d 1018.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, C O R N, and HURST, JJ., concur. GIBSON and DANNER, JJ., absent.