**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CONNIE RANDALL,

      Plaintiff-Counter-
Defendant-Appellant,

v.

TRAVELERS CASUALTY &
SURETY COMPANY, formerly
known as Aetna Life and Casualty
Company,

      Defendant-Counterclaimant-
Third-Party Plaintiff-Appellee,

v.

THE ESTATE OF RICHARD D.
RANDALL, SR.,

      Third-Party Defendant.

No. 04-5031
(D.C. No. CV-02-742-K(M))
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

[*]    The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before us following our certification of a dispositive but novel issue of state law to the Oklahoma Supreme Court. Connie Randall appealed the district court's grant of summary judgment in favor of Travelers Casualty & Surety Company ("Travelers") on her breach of contract and bad faith claims. We **VACATE** the grant of summary judgment on the breach of contract claim, **AFFIRM** on the bad faith claim, and **REMAND** for further proceedings.

In settlement of claims arising from an automobile accident, Richard D. Randall, Sr. agreed to a lump sum followed by 300 monthly payments of $1,250, with any remainder to be paid to his estate. Two days before his death, Mr. Randall executed an assignment conveying his interest in the settlement to his wife. Travelers refused Mrs. Randall's request for the remaining payments, asserting that its contractual obligation was to make such payments to Mr. Randall's estate. Mrs. Randall then filed suit in Oklahoma state court claiming breach of contract and bad faith. Travelers removed the case to federal court and moved for a declaratory judgment specifying the proper recipient of the payments. The district granted summary judgment in favor of Travelers, declaring payment was due to the estate. Mrs. Randall now appeals.

**I**

Under Oklahoma law, the assignment of a life insurance policy gives the assignee a right to insurance proceeds even if the insured's estate is the named beneficiary. Alkire v. King, 80 P.2d 309 (Okla. 1938). Mrs. Randall points to

language in Alkire suggesting a unity of interests between living persons and their estates to support her position that the assignment transferred Mr. Randall's entire interest in the settlement:

> [T]he insured had all rights under the policy as it was issued. . . . No third person had any interest in this policy. It was payable to the estate of the insured. . . . Under such a policy all rights normally held by a beneficiary belonged to the insured. . . . The insured and his own estate during his life do not constitute two separate and distinct entities: they are a single unit of ownership.

Id. at 310-11 (quoting Chartrand v. Chartrand, 3 N.E.2d 828, 830 (Mass. 1936)) (third omission in original). To determine whether Alkire's analysis applies to contracts in general, we certified the question to the Oklahoma Supreme Court. The question was reformulated by that court as:

> Does the principle articulated in Alkire v. King, 1938 OK 282, 80 P.2d 309, that the assignment of a life insurance policy conveys to the assignee a right to policy proceeds although the insured's estate is the named beneficiary, apply to contracts generally?

Randall v. Travelers Cas. & Sur. Co., ___ P.3d ___, 2006 WL 2673279, at *1 (Okla. Sept. 19, 2006); see also Randall v. Travelers Cas. & Sur. Co., 450 F.3d 1115, 1115 (10th Cir. 2006).[1]

---

[1] We certified a second question to the Oklahoma Supreme Court:

> May an insurer alter the right to assign rights under a settlement agreement by funding the contract through the purchase of an annuity where the settlement agreement does not anticipate such a purchase and where neither the settlement agreement nor the annuity contains anti-assignment provisions?

(continued...)

-3-

This question was answered in the affirmative by the Oklahoma Supreme Court, which noted that "assignments of life insurance policies are nothing more than ordinary contracts to be determined under general contract principles," Randall, 2006 WL 2673279, at *3, and that "there can be no vested right of inheritance in the estate of a living person." Id. Accordingly, Mr. Randall had the power to assign his remainder payment. See id. at *4 ("Where, as here, there is no provision either in the settlement agreement or in the annuity prohibiting assignment, the contract is subject to assignment.").

In light of this conclusive determination of state law, the district court's grant of summary judgment on Mrs. Randall's contract claim cannot stand. We therefore **VACATE** the entry of summary judgment on the contract claim (and Travelers' corresponding claim for a declaratory judgment), and **REMAND** for further proceedings.[2]

---

[1](...continued)
Randall, 2006 WL 2673279, at *1. Even though the court answered this question "no," id., we need not consider the issue further because the court's response to the first question is dispositive.

[2] The district court expressly did not reach other issues raised in Travelers' motion for summary judgment, in particular challenges to the legal validity of the operative assignment, see District Court Order of Feb. 5, 2004, at 3.

## II

The district court provided two rationales for its grant of summary judgment against Mrs. Randall on her bad faith claim. First, the court held that Travelers could not be liable for bad faith because it had a valid reason to refuse payment. Second, the court noted that Oklahoma has not extended bad faith claims beyond the insurance context to contracts generally.

Although the first holding is undercut somewhat by our vacatur of the court's disposition of the contract claim, we nonetheless hold Travelers had a legitimate, albeit unsuccessful, basis for refusing to make the remaining payments under the settlement agreement to Mrs. Randall. See Newport v. USAA, 11 P.3d 190, 195 (Okla. 2000) ("The tort of bad faith does not foreclose the insurer's right to deny a claim, resist payment, or litigate any claim to which the insurer has a legitimate defense.") (quotation omitted).

When there is "no conclusive precedential legal authority on an issue, withholding payment is not unreasonable or in bad faith." Bailey v. Farmers Ins. Co., 137 P.3d 1260, 1264 (Okla. Civ. App. 2006) (citing Skinner v. John Deere Ins. Co., 998 P.2d 1219 (Okla. 2000)). Travelers faced no conclusive authority contrary to their defense in this case before our certification of the question to the Oklahoma Supreme Court. Rejection of the bad faith claim by the district court was proper on this basis, thus we do not reach its alternative rationale.

Grant of summary judgment on Mrs. Randall's bad faith claim is

**AFFIRMED**, and the judgment of the district court is **VACATED** in all other

respects. The case is **REMANDED** for further proceedings consistent with this

order and judgment for application of the newly stated Oklahoma law.

Entered for the Court

Carlos F. Lucero
Circuit Judge